UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Jason and Rachalle Lankhorst,
individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

Independent Savings Plan Company,
d/b/a ISPC,

Defendant.

Civil No. 11-cv-390

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant ISPC's Motion to Bifurcate or, alternatively, for an Order Staying Discovery. For the reasons that follow, the Motion is denied.

**BACKGROUND**

This litigation arises out of the sale and financing of water treatment equipment. Plaintiffs allege that on February 24, 2010, a representative of Water Technologies, Inc. of Florida (WET)[1] came to their home, convinced them that they needed a water conditioning system, and told them they could obtain low-interest rate financing to purchase that system from Defendant ISPC.

---

[1] Plaintiffs voluntarily dismissed WET from the case for unspecified reasons. (Docket No. 38.)

During the visit, the WET representative filled out an ISPC financing application and agreement on Plaintiff's behalf. Pursuant to the terms of ISPC's financing agreement, the Plaintiffs' home would become security for the loan.

On February 25, WET installed the water treatment equipment in Plaintiffs' home. The next day, ISPC approved the financing at a rate of 17.9 percent. After Plaintiffs complained about the high interest rate, ISPC permitted them to sign a new agreement which included no interest or payments for the first year.

In the Third Amended Complaint, Plaintiffs allege that ISPC violated the Truth in Lending Act (TILA) in Counts One and Two, and the Florida Deceptive and Unfair Trade Practices Act (FDUPTA) in Count Three. Specifically, in Count One, Plaintiffs allege that ISPC violated 15 U.S.C. § 1637a(9) by failing to disclose examples of the minimum payments and maximum repayment period under the terms provided in the credit agreement. In Count Two, Plaintiffs allege a second TILA violation, specifically that ISPC failed to comply with Regulation Z, 12 C.F.R. § 226.15, which requires that consumers be given a three day rescission period for all credit agreements secured by a consumer's principal dwelling. Plaintiffs allege that ISPC violated Regulation Z by permitting WET to install the equipment before the rescission period expired and before ISPC could be reasonably satisfied that Plaintiffs not rescinded. In Count Three, which incorporates Count Two, Plaintiffs allege that, by violating TILA, ISPC has also violated FDUPTA. Plaintiffs seek statutory damages as to Counts One and Two and injunctive relief as to Count Three. On September 26, 2012, the Court certified the case as a class action.

**DISCUSSION**

**A.  Motion to Bifurcate**

ISPC argues that trial should be separated into a liability phase and a damages phase because it would be more convenient and efficient to try the issues separately. ISPC also argues that trying liability and damages together would be prejudicial because evidence relating to its net worth may be irrelevant if the jury determines liability in its favor. ISPC is also concerned that its sensitive financial information may inadvertently be disclosed.

In response, Plaintiffs argue that bifurcation will be unnecessarily inefficient and costly because the issues of liability and damages can easily be tried together and will require testimony from overlapping witnesses  Plaintiffs also point to the fact that this case has proceeded to date on a single track without any prejudice or delay.

Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order a separate trial of any claim or any separate issue or issues. The Court considers the following factors in making that determination: (1) convenience; (2) prejudice; (3) expedition; and (4) judicial economy. Fed. R. Civ. P. 42(b). The Court's "paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice." Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F. Supp. 2d 1333, 1334 (M.D. Fla. 2006) (citing Kimberly-Clark Corp. v. James River Corp. of Va., 131 F.R.D. 607, 608 (N.D. Ga. 1989)). Whether to bifurcate is within the sound discretion of the Court. Brown v. Toscano, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008). Defendants, as the moving party, bear the burden of establishing that bifurcation is warranted. Id. at 1345-46.

ISPC has not established that bifurcation is appropriate here. Indeed, the Court sees only inefficiency in delaying the damages portion of the case. The case has proceeded to date on a single track and the Court finds no reason to change course at this late date. It is always true that the issue of damages may be moot if the jury determines in the defendant's favor on liability. Further, ISPC's concerns about the sanctity of its financial information are unfounded. The parties have executed a confidentiality agreement and the Court trusts that the agreement will be followed in letter and spirit. The Motion to Bifurcate is denied.

**B.     Motion to Stay**

ISPC alternatively moves for a protective order staying discovery on damages until the Court decides its summary judgment motion. This Motion is summarily denied. For many months, ISPC has ignored Plaintiffs' discovery requests relating to damages. The deadline for discovery has now long passed. ISPC's unwarranted and unsanctioned reprieve is over. The parties have thirty days from the date of this Order to conduct any and all discovery on the issue of damages.

**CONCLUSION**

ISPC has failed to establish that bifurcation is appropriate or that a stay of discovery is warranted. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Bifurcate or, alternatively, for an Order Staying Discovery (Docket No. 126) is **DENIED**; and

2. The parties have thirty days from the date of this Order to conduct any and all discovery on the issue of damages.


Dated: October 17, 2013

                                             *s/ Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge